## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **Kiwi Hospitality - Houston, LLC** | § | |
| **d/b/a Quality Inn & Suites** | § | |
|    *Plaintiff* | § | |
| | § | |
| | § | **Civil Action No. 4:19-cv-3173** |
| **v.** | § | |
| | § | |
| **Mt. Hawley Insurance Company** | § | |
|    *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Kiwi Hospitality - Houston, LLC files this Original Complaint against Defendant

Mt. Hawley Insurance Company, and would show the Court as follows:

### I.
### PARTIES

1.      Plaintiff **Kiwi Hospitality - Houston, LLC d/b/a Quality Inn & Suites** is a Texas

limited liability company with its principal place of business located in Harris County, Texas.

2.      Defendant **Mt. Hawley Insurance Company** is a foreign insurance company with

a certificate of authority to engage in the business of insurance in the State of Texas.  This

defendant has not appointed a registered agent for service of process in the State of Texas.

Accordingly, pursuant to Tex. Ins. Code § 804.103(c), this defendant may be served with process

through the Texas Commissioner of Insurance.  The process should be directed to this defendant

as follows: **Craig W. Kliethermes, President, Mt. Hawley Insurance Company, 9025 N.**

**Lindbergh Drive, Peoria, Illinois 61615**.

## II.
## JURISDICTION

3.      The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because

Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds

$75,000, excluding interest and costs.

## III.
## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial

part of the events or omissions giving rise to the claim occurred in this district and because a

substantial part of property that is the subject of the cation is situated in this district.

## IV.
## FACTUAL BACKGROUND

**A.      Plaintiff owns the property insured by Defendant.**

5.      Plaintiff Kiwi Hospitality - Houston, LLC d/b/a Quality Inn & Suites ("Plaintiff")

owns the Quality Inn & Suites, located at 114 S. Richey, Pasadena, Texas 77506.  The property is

operated as a full service hotel with a restaurant and bar.  In 2017, Plaintiff purchased an all risk

commercial property policy from Defendant Mt. Hawley Insurance Company ("Defendant");

Policy No. MCP0161773, insuring the property against all risks not expressly and unambiguously

excluded, with an effective date of February 1, 2017, and expiring one year later, on February 1,

2018 (the "Policy").

**B.      Plaintiff's Property was damaged during Hurricane Harvey.**

6.      Hurricane Harvey struck Houston during the last week of August 2017.  Plaintiff's

property suffered extensive physical damage, including to the roofs, walls, windows, and the

interior of the buildings as a result of water that entered through the storm damaged roofs,

windows, and/or walls (the "Covered Event").  Because of the extent of the damage, Plaintiff lost

extensive business as well as the physical damage.  Plaintiff had purchased insurance from

Defendant in order to protect itself against the risk of the kind of physical damage and lost revenues caused by the Covered Event.  The losses caused by the Covered Event were losses covered under the "Covered Causes of Loss" provisions in the Policy and were not excluded under Section B. or limited under Section C. of the Causes of Loss-Special Form contained in the Policy.

**C.     Defendant denied Plaintiff's claim.**

7.     The Policy covers all non-excluded causes of loss.  The roof damage was caused by the torrential, unprecedented, and record-breaking rainfall and wind brought by Hurricane Harvey.  The interior damage was caused by water entering through storm damaged areas in the building's roof, walls and windows caused by the Covered Event.  No exclusions or limitations apply.  Defendant's liability under the Policy is reasonably clear.

8.     Plaintiff submitted a claim to Defendant in September 2017, which was assigned claim number 00444172.  Defendant retained Engle Martin to adjust the claim on its behalf.

9.     In the process of adjusting the claim, Engle Martin retained Unifield Building Services & Engineering, Inc. as an engineer ("Engineer") to "determine the extent of storm-caused damage caused by Hurricane Harvey".  The Engineer found wind damage and resulting water damage.

10.     Plaintiff retained Morgan Elite Specialist Services, LLC ("Morgan") to assist with the presentment of the claim to Defendant.  After inspecting the properties and conducting other due diligence, Morgan, on behalf of Plaintiff, submitted a claim of $1,878,525.17 due under the Policy.

11.     Defendant has effectively denied the claim by paying only $423,241.39 of the total claim amount and refusing to pay the entire amount of Plaintiff's losses resulting from the Covered Event.

12.     In total, the insured property has been damaged in at least the following amounts:

| Damage | Payments Made | Deductible | Amount Due |
|---|---|---|---|
| $1,878,525.17 | $423,241.39 | $150,675.16 | **$1,304,608.62** |

13.     These losses do not represent all of Plaintiff's covered losses.  Plaintiff also experienced an increase in the cost of doing business and a loss of business income as a result of the Covered Events.  These losses have not been fully determined yet.

14.     On October 31, 2017, more than two months after the date of loss, Defendant acknowledged Plaintiff's claim, and sent to Plaintiff a prophylactic "reservation of rights" letter that essentially did nothing other than communicate to Plaintiff the exclusions in the policy that Defendant was investigating as potentially applicable.  Defendant was not concerned with Plaintiff's claim and the timely investigation resolution, and payment of such claim; instead, Defendant was interested in determining which exclusions it might find that it could assert against Plaintiff.  Defendant did not communicate to Defendant that any particular exclusion did in fact apply to exclude coverage; Defendant merely set out the "kitchen sink" exclusions it was hoping might apply.  None did.  A true and correct copy of this letter is attached hereto as **Exhibit 1** and incorporated herein.

15.     None of the exclusions or limitations referenced by Defendant applied to Plaintiff's losses because the losses were caused by torrential, unprecedented, and record-breaking rainfall and wind by Hurricane Harvey that caused physical damage to the covered building's roof, walls, and windows and interior damage caused by water entering the premises through storm damaged areas in the roof, walls, and windows.

16.     Defendant has not sent a denial letter, nor has it sent a follow-up letter communicating to Plaintiff that any of the possible exclusions and limitations set out in Defendant's October 31, 2017 letter did in fact apply to Plaintiff's claim.  Instead, Defendant simply has failed to pay the full amount of Plaintiff's claim and over $1.3 million remains unpaid and owed under the Policy.

**D.      Defendant's denial of Plaintiff's claim violated Chapters 541 and 542 of the Texas Insurance Code.**

17.     Among other things, Defendant misrepresented the effect of the exclusions and limitations in the Policy by representing that certain exclusions or limitations apply when, in fact, they do not.  By relying on inapplicable policy language, Defendant failed to attempt in good faith to promptly, fairly, and equitably settle Plaintiff's claim, even though Defendant's liability had become reasonably clear.  Because Defendant's explanation relied on inapplicable policy language, Defendant failed to promptly provide a reasonable explanation for its denial.  Such conduct violated Tex. Ins. Code § 541.060(a)(1), (2), (3), (4), and (7).

18.     Furthermore, the delay in payment to Plaintiff violates Tex. Ins. Code § 542.055, et seq., thus triggering liability on Defendant's part to pay the amount of the claim, plus damages consisting of 18% per annum of the amount of the claim, along with prejudgment interest and reasonable attorney's fees.

**V.**
**CAUSES OF ACTION**

19.     The acts and omissions of Defendant described in the foregoing paragraphs give rise to the following causes of action.

**A.     Breach of Contract**

20.     The elements of a claim for breach of contract are (1) a valid, enforceable agreement, (2) tender of performance by the plaintiff, (3) breach by the defendant, which (4) caused the plaintiff injury.

21.     The Policy constituted a valid, enforceable agreement between Plaintiff and Defendant.  The Policy covers all risks unless expressly excluded.  No exclusions apply to the damage in this case.

22.     Plaintiff tendered performance by paying its premium and submitting its claim in accordance with the requirements of the Policy.

23.     Defendant breached the Policy by denying the claim and paying only a fraction of the amount due under the Policy.

24.     As a result, Plaintiff suffered actual damage or loss, including but not limited to the cost of repairs and the loss of income.

**B.     Unfair Settlement Practices in Violation of Tex. Ins. Code § 541.060.**

25.     An insured who sustains actual damages caused by unfair settlement practices may bring an action against any person who engaged in the unfair settlement practices.  Tex. Ins. Code § 541.151.  Persons who may be liable under Section 541.151 include both insurance companies and adjusters. Tex. Ins. Code § 541.002(2); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

26.     As described above, Defendant, misrepresented the effect of the exclusions and limitations in the Policy by representing that certain exclusions or limitations apply when, in fact, they do not.  By relying on inapplicable policy language, Defendant failed to attempt in good faith

to promptly, fairly, and equitably settle Plaintiff's claim, even though Defendant's liability had become reasonably clear.  Because its explanation relied on inapplicable policy language, Defendant failed to promptly provide a reasonable explanation for its denial.  In so doing, Defendant has engaged in the following unfair settlement practices with respect to Plaintiff's claim:

> a.  misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;
>
> b.  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, even though Defendant's liability had become reasonably clear;
>
> c.  failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim;
>
> d.  failing within a reasonable time to affirm or deny coverage of Plaintiff's claim or to submit a reservation of rights; and
>
> e.  refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim.

*See* Tex. Ins. Code § 541.060(a)(1), (2), (3), (4), and (7).

27.     As a result, Plaintiff suffered actual damage or loss, including but not limited to the cost of repairs and loss of income, in the aggregate amount of at least $1.3 million, after applying any applicable deductible.

**C.      Late Payment of Claim in Violation of Tex. Ins. Code § 542.060.**

28.      The conduct described above constitutes a violation of Chapter 542 of the Texas Insurance Code, which requires the prompt acknowledgement, investigation, and payment of claims.

29.      Defendant's failure to acknowledge timely receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

30.      Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.  Tex. Ins. Code § 542.056.

31.      Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  Tex. Ins. Code § 542.058.

32.      As a result, Plaintiff suffered actual damage or loss, including but not limited to the cost of repairs and loss of income, in the aggregate amount of at least approximately $1.3 million, after applying any applicable deductible.

**D.      Breach of the Duty of Good Faith and Fair Dealing**

33.      Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

34.      Defendant's failed, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, even though, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.

35.     As a result, Plaintiff suffered actual damage or loss, including but not limited to the cost of repairs and loss of income, in the aggregate amount of at least approximately $1.3 million, after applying any applicable deductible.

**E.     Declaratory Judgment of Coverage**

36.     Pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57, Plaintiff seeks the following declarations to determine questions of actual controversy between the parties.

a.     That Defendant issued Policy No. MCP0161773, which insured the buildings commonly known as Quality Inn & Suites, Pasadena;

b.     That the Policy was in effect during the last week of August 2017 when Hurricane Harvey struck Houston;

c.     That the damage to the Property's roofs, windows, and/or walls was caused by the Hurricane Harvey storm event and damage to the interior of the buildings was caused as a result of water that entered through the storm damaged roofs, windows, and/or walls;

d.     That the damage to the Property was covered by the Policy; and

e.     That no exclusions or limitations set forth in the Policy apply to the damage to the Property.

## VI.
### WAIVER AND ANTICIPATORY BREACH

37.     Defendant waived its contractual rights under the Policy, including but not limited to appraisal, due to Defendant's express waiver of appraisal and implied waiver through delay, unfair actions, breach of the underlying contract, and unconditional denial of all or part of Plaintiff's claim.  Additionally, Defendant's breach of the underlying contract relieves Plaintiff of any corresponding obligations, including but not limited to appraisal.  Defendant's unjust and

unreasonable delay and denial of Plaintiff's claim estops it from attempting to subsequently enforce provisions of the Policy.

## VII.
## KNOWLEDGE

38.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

39.     As a result of the misconduct described above, Plaintiff has suffered actual damage or loss, including but not limited to the cost of repairs and loss of income; consequential damages; court costs and attorney's fees; treble damages; exemplary damages; and pre-judgment interest at the rate of 18% per annum.

40.     Plaintiff is entitled to recover treble damages as a result of Defendant's intentional violation of Chapter 541 of the Texas Insurance Code.

41.     Plaintiff is entitled to recover exemplary damages as a result of Defendant's breach of the duty of good faith and fair dealing.

42.     Plaintiff is entitled to recover pre-judgment interest at the rate of 18% per annum as a result of Defendant's violation of Chapter 542 of the Texas Insurance Code.

43.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of the damages sustained by Plaintiff. These damages are a direct result of the mishandling of Plaintiff's claim by Defendant.

## IX.
## ATTORNEY'S FEES AND COSTS

44.     Plaintiff is entitled to recover its court costs and attorney's fees as a result of Defendant's breach of contract and violation of Chapters 541 and 542 of the Texas Insurance Code.

## X.
## CONDITIONS PRECEDENT

45.     All conditions precedent to recovery for all relief requested have been satisfied or waived.

## XI.
## JURY DEMAND

46.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiff is tendering the appropriate jury fee with the filing of this petition.

## XII.
## PRAYER

Plaintiff requests that Defendant be cited to appear and answer, and that judgment be entered in Plaintiff's favor against Defendant for all actual damages, consequential damages, statutory damages, attorney's fees, pre-judgment and post-judgment interest at the highest lawful rate, costs of court, and all other relief, general or special, legal or equitable, and/or declaratory, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**HAWASH CICACK & GASTON LLP**

*/s/ Michael A. Hawash*
Michael A. Hawash
Texas Bar No. 00792061
Federal Bar No. 18321
3401 Allen Parkway, Suite 200
Houston, Texas 77019
mhawash@hcgllp.com
713-658-9015 (main)
713-658-9004 (direct & facsimile)

**Attorney in Charge for Plaintiff**

OF COUNSEL:

Walter J. Cicack
Texas Bar No. 04250535
Federal Bar No. 8094
HAWASH CICACK & GASTON LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019
wcicack@hcgllp.com
713-658-9003 (direct & facsimile)

Jeremy J. Gaston
Texas Bar No. 24012685
Federal Bar No. 26469
HAWASH CICACK & GASTON LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019
jgaston@hcgllp.com
713-658-9007 (direct & facsimile)

Jeremy M. Masten
Texas Bar No. 24083454
Federal Bar No. 1411942
HAWASH CICACK & GASTON LLP
3401 Allen Parkway, Suite 200
Houston, Texas 77019
jmasten@hcgllp.com
713-685-9005 (direct & facsimile)